UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO L. HOGAN, | 1: 08 CV 0268 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 14] |
| D. K. SISTO, WARDEN, | |
| Respondent.           / | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On October 24, 2001, Petitioner pled guilty, in Stanislaus County Superior Court, to attempted voluntary manslaughter. The trial court sentenced him to serve a determinate prison term of 8 years. Petitioner did not file a direct appeal.

Petitioner subsequently filed eighteen pro se state post-conviction collateral challenges, only four of which are relevant here.:[1]

First Petition

    January 31, 2002: Petition for writ of habeas corpus filed in California Court of Appeal, Fifth Appellate District ("Court of Appeal")

    February 21, 2002: Petition denied

Second Petition

    July 13, 2002: Petition for writ of habeas corpus filed in Stanislaus County Superior Court

    July 23, 2002: Petition denied.

Third Petition

    October 23, 2002: Petition for writ of habeas corpus filed in Stanislaus County Superior Court

    October 31, 2002: Petition denied.

Fourth Petition

    December 11, 2002: Petition for writ of habeas corpus filed in Stanislaus County Superior Court

    January 6, 2003: Petition denied.

Petitioner filed the present action on February 19, 2008.

## LEGAL STANDARD

JURISDICTION

    Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a);

---

[1] Filing dates are based on the mailbox rule, pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations. Petitioner opposes the motion.

<u>Procedural Basis for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

<u>Statute of Limitations Bar</u>

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Petitioner did not file a direct appeal after he was sentenced on October 24, 2001. Petitioner's conviction therefore became final when the sixty-day deadline to appeal the imposition of sentence expired on December 23, 2001. . See Cal.R.Ct. 31(a)(renumbered to rul 8.308). The one-year statute of limitations began running the following day - - December 24, 2001. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.P. 6(a)). Thus, absent tolling, the last day to file a federal petition was December 23, 2002. The present petition was not filed until February 19, 2008. Thus, absent tolling of the statute, the petition is untimely.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,

---

[2]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002), the Court determined that under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.

Respondent does not argue that the first post-conviction petition was improperly filed. Respondent thus concedes that Petitioner is entitled to statutory tolling from January 31, 2002, through February 21, 2002. See Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005) (stating that the limitations period is tolled while "a properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending").

Respondent contends that Petitioner is not entitled to statutory tolling for the time period between the denial of his first post-conviction petition and the filing of his second post-conviction petition. As Respondent notes, the second post-conviction petition was not filed in the next state court level, but rather was filed in Superior Court. Respondent correctly argues that Nino found that the statute of limitations is tolled for exhaustion of state remedies during intervals between dispositions of state collateral actions and the filing of a subsequent collateral action at the next state appellate level. Nino, 183 F.3d at 1006 -07. The court agrees with Respondent that Petitioner's filing in the Superior Court after filing his first petition in the Court of Appeal does not constitute part of a round of collateral review such as was contemplated by Nino. Accordingly, the court finds that Petitioner is not entitled to statutory tolling for the period from February 21, 2002, until July 13, 2002.

Respondent concedes that Petitioner is entitled to statutory tolling during the pendency of the second post-conviction petition. The court therefore finds that the statute was tolled from July 13, 2002, through July 23, 2002.

Respondent contends that Petitioner is not entitled to statutory tolling for the time period

1 between the denial of his second post-conviction petition and the filing of his third post-conviction
2 petition. As Respondent notes, the third post-conviction petition was not filed in the next state court
3 level, but rather was again filed in Superior Court. Respondent correctly argues that Nino found that
4 the statute of limitations is tolled for exhaustion of state remedies during intervals between
5 dispositions of state collateral actions and the filing of a subsequent collateral action at the next state
6 appellate level. Nino, 183 F.3d at 1006 -07. The court agrees with Respondent that Petitioner's
7 repeated filing in the Superior Court does not constitute part of a round of collateral review such as
8 was contemplated by Nino. Accordingly, the court finds that Petitioner is not entitled to statutory
9 tolling for the period from July 23, 2002, until October 23, 2002.

10 Respondent concedes that Petitioner is entitled to statutory tolling during the pendency of the
11 third post-conviction petition. The court therefore finds that the statute was tolled from October 23,
12 2002,, through October 31, 2002.

13 Respondent contends that Petitioner is not entitled to statutory tolling for the time period
14 between the denial of his third post-conviction petition and the filing of his fourth post-conviction
15 petition. As Respondent notes, the fourth post-conviction petition was not filed in the next state
16 court level, but rather was again filed in Superior Court. Respondent correctly argues that Nino
17 found that the statute of limitations is tolled for exhaustion of state remedies during intervals
18 between dispositions of state collateral actions and the filing of a subsequent collateral action at the
19 next state appellate level. Nino, 183 F.3d at 1006 -07. The court agrees with Respondent that
20 Petitioner's repeated filing in the Superior Court does not constitute part of a round of collateral
21 review such as was contemplated by Nino. Accordingly, the court finds that Petitioner is not entitled
22 to statutory tolling for the period from October 31, 2002, until December 11, 2002.

23 Respondent concedes that Petitioner is entitled to tolling during the pendency of the fourth
24 post-conviction petition. The court therefore finds that the statute was tolled from December 11,
25 2002, through January 6, 2003.

26 Petitioner does not dispute Respondent's calculation of the above tolling periods. In light of
27 all of the above, the court finds that the statute of limitations began running on December 24, 2001,
28 and expired on February 28, 2003, taking into consideration the statutory tolling discussed above.

Petitioner did not file the present petition until February 19, 2008.

In opposition to Respondent's motion to dismiss, Petitioner contends that this case falls within the "fundamental miscarriage of justice" exception to procedural default. Petitioner claims specifically that he is actually innocent under Schlup v. Delo, 513 U.S 298 (1995). The analysis for such a claim was set forth by the Ninth Circuit as follows:

> All of these post-trial developments raise in our view the distinct possibility that given the opportunity, Majoy may be able to muster a plausible factual case meeting the exacting gateway standard established by the Supreme Court in Schlup for overriding a petitioner's clear failure to meet deadlines and requirements for filing a timely petition in federal court. Under Schlup, a petitioner's "otherwise-barred claims [may be] considered on the merits ... if his claim of actual innocence is sufficient to bring him within the 'narrow class of cases ... implicating a fundamental miscarriage of justice.' " Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir.1997) (en banc) (quoting Schlup, 513 U.S. at 315, 115 S.Ct. 851).FN1 In order to pass through *776 Schlup's gateway, and have an otherwise barred constitutional claim heard on the merits, a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327 115 S.Ct. 851,. A petitioner need not show that he is "actually innocent" of the crime he was convicted of committing; instead, he must show that " 'a court cannot have confidence in the outcome of the trial.' " Carriger, 132 F.3d at 478 (quoting Schlup, 513 U.S. at 316, 115 S.Ct. 851).
>
> FN1. A claim that one should pass through the Schlup gateway is " 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.' " Schlup, 513 U.S. at 315, 115 S.Ct. 851 (quoting Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)).

Majoy v. Roe, 296 F.3d 770, 775-76 (9th Cir. 2002).

In this case, Petitioner provides no discussion of how all the evidence in this case demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. He merely makes a general claim that a review of the merits of his claims will show that the outcome was a "fundamental miscarriage of justice." The burden is on Petitioner to show that this case should pass through the actual innocence gateway, and the court finds as a matter of law that Petitioner's bare assertion is legally insufficient to carry that burden.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

After considering all of the parties' arguments, the court finds that Petitioner has not carried his burden of demonstrating that he is entitled to equitable tolling in this case. The court must conclude, therefore, that this petition for writ of habeas corpus is untimely and is barred by the statute of limitations.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED;
2) this petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;
3) a certificate of appealability is DENIED; and
3) the Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   January 12, 2009              /s/  William M. Wunderlich
                                       UNITED STATES MAGISTRATE JUDGE